IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTIAN AVILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-2011-SLR |
| | ) |
| CORRECT CARE SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Background.** Plaintiff Christian Avila ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a motion for preliminary injunction on December 9, 2013 seeking medical care pursuant to 42 U.S.C. § 1983. (D.I. 3) To date, defendants have not been served and the court ordered the VCC Warden David Pierce ("Warden Pierce") to respond to the motion. (D.I. 6) A timely response was filed on January 6, 2014. (D.I. 11, 12)

2. **Standard.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the

standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion**. Plaintiff has a lung condition and contends that the VCC is not providing him with adequate medical care. He seeks an immediate release from prison to ensure that he receives appropriate medical care, including a lung transplant. Warden Pierce submitted a review of plaintiff's medical records that was conducted by Dr. Vincent Carr ("Dr. Carr"), the medical director for the Bureau of Correctional Healthcare Services. While his review indicated that there was a twenty-month delay between plaintiff's initial complaints of breathing difficulties and a diagnosis of chronic obstructive pulmonary disease ("COPD"), Dr. Carr opined that the COPD was caused by plaintiff's history of smoking and work exposure and not to the delay in the diagnosis. In addition, Dr. Carr states that subsequent to the diagnosis, plaintiff has received appropriate treatment, his chest x-ray is now normal and his spirometry results are also normal. Finally, Dr. Carr states that plaintiff's medical records do not support plaintiff's position that he requires a lung transplant.

4. Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. Moreover, the medical records indicate that plaintiff's condition is being treated and monitored. There is no indication that, at the

2

present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

5. **Conclusion.** For the above reasons, the court will deny the motion for a preliminary injunction. (D.I. 3) A separate order shall issue.

Dated: January 14, 2014

UNITED STATES DISTRICT JUDGE